IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JABON PETERMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>INSTRUCTURE INC.,<br><br>    Defendant. | **ORDER TO CONSOLIDATE**<br><br>Case No. 2:26-cv-00374-RJS-CMR<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Cecilia M. Romero |

Before the court is the Joint Motion to Consolidate and Stay Related Cases Pursuant to DUCivR 42-1.[1]  For the reasons explained below, the Motion is granted in part.

The Motion seeks to consolidate the following 31 cases, which have all been transferred to the undersigned:[2]

1. *Peterman v. Instructure, Inc.*, 2:26-cv-00374
2. *Sarkis v. Instructure, Inc.*, 2:26-cv-00380
3. *Islas v. Instructure, Inc.*, 2:26-cv-00382
4. *Singh v. Instructure, Inc.*, 2:26-cv-00385
5. *Steinhoff v. Instructure, Inc.*, 2:26-cv-00387
6. *Escoto v. Instructure, Inc.*,  2:26-cv-00388
7. *Sabre v. Instructure, Inc.*, 2:26-cv-00391
8. *Monville v. Instructure, Inc.*, 2:26-cv-00393
9. *Verbish v. Instructure, Inc.*, 2:26-cv-00394
10. *Coelho v. Instructure, Inc.*, 2:26-cv-00395
11. *Nelson v. Instructure, Inc.*, 2:26-cv-00396
12. *Hall v. Instructure, Inc.*, 2:26-cv-00397
13. *Brown v. Instructure, Inc.*,  2:26-cv-00399
14. *Clarkson v. Instructure, Inc.*, 2:26-cv-00400
15. *Doe v. Instructure, Inc.*, 2:26-cv-00401
16. *Hernandez-Silva v. Instructure Inc.*, 2:26-cv-00407
17. *Hamersley v. Instructure, Inc.*, 2:26-cv-00408
18. *Hornthal v. Instructure, Inc.*, 2:26-cv-00412
19. *Rios v. Instructure, Inc.*, 2:26-cv-00414

---

[1] Dkt. 38, *Joint Motion to Consolidate and Stay Related Cases Pursuant to DUCivR 42-1* (*Motion*); *see also* Dkt. 39, *Request to Submit for Decision Joint Motion to Consolidate and Stay Related Cases Pursuant to DUCiv 42-1*.

[2] *See* Dkt. 40, *Order to Transfer*.

20. *Schneider v. Instructure, Inc.*, 2:26-cv-00417
21. *Khorami v. Instructure Holdings*, 2:26-cv-00418
22. *Moran v. Instructure, Inc.*, 2:26-cv-00431
23. *McFadden v. Instructure, Inc.*, 2:26-cv-00440
24. *Odom v. Instructure Inc.*, 2:26-cv-00447
25. *Bonham v. Instructure, Inc.*, 2:26-cv-00448
26. *Becker v. Instructure Inc.*, 2:26-cv-00452
27. *Cox v. Instructure Inc.*, 2:26-cv-00453
28. *Price v. Instructure Inc.*, 2:26-cv-00459
29. *Zellers v. Instructure Inc.*, 2:26-cv-00467
30. *Moore Public Schools v. Instructure, Inc.*, 2:26-cv-472
31. *Costa v. Instructure Inc.*, 2:26-cv-480[3]

The Motion also proposes a procedure and schedule following consolidation.[4] No party opposes

the Motion.[5]

Federal Rule of Civil Procedure 42(a) permits a court to consolidate actions "involv[ing]

a common question of law or fact . . . ."[6] The court has discretion in deciding whether

consolidation is appropriate.[7] Under Local Rule 42-1, "If cases involve a common question of

law or fact and are pending before different judges, any party to a later-filed case may file a

motion and proposed order to consolidate the case to the judge with the lowest-numbered case."[8]

After reviewing the pleadings in the pending actions, the court concludes consolidation is

appropriate here. As the Motion explains, the actions assert common causes of action against

Instructure related to the same data breach, seek to certify overlapping classes, seek the same

---

[3] *Motion* at 2–4.

[4] *Id.* at 5–6 (proposing the consolidated action proceed by permitting Plaintiffs' counsel fourteen days to submit applications for Interim Class Counsel, staying Instructure's deadline pending the appointment of Interim Class Counsel, and establish a deadline to file the consolidated complaint thereafter).

[5] *Id.* at 4 ("Plaintiffs in all Related Cases agree that these cases should be consolidated under the lowest-numbered *Peterman* Action . . ."). *See generally dockets*.

[6] Fed. R. Civ. P. 42(a).

[7] *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

[8] DUCivR 42-1(a).

relief, and call for a determination of the same questions of law.[9]  The court concludes consolidation will promote judicial efficiency, reduce duplication, ensure consistency in legal and factual resolutions, streamline motion practice and discovery, and hopefully save the parties considerable time and expense.

Since the filing of the Motion, a thirty-second case was transferred to the undersigned from the Southern District of New York, *Hinds v. KKR & Co., Inc.*, 2:26-cv-00541-RJS,[10] and a thirty-third case was filed and assigned to Magistrate Judge Romero, *Hernandez v. Instructure, Inc.*, 2:26-cv-00527-CMR.[11]  Both cases arise from the same data breach involving Instructure's system.  Pursuant to local rule 42-1, and for the same reasons addressed above, the court orders the consolidation of these actions as well.[12]

Pursuant to DUCivR 42-1 and in the interest of judicial efficiency, the Motion is GRANTED IN PART. [13]  The court GRANTS the request to consolidate and DENIES without prejudice the Motion's proposed procedure going forward.  A forthcoming order will outline the next steps for the parties.  Accordingly, IT IS HEREBY ORDERED:

- The 31 cases enumerated in the Motion are consolidated into *Peterman v. Instructure, Inc.*, 2:26-cv-00374.

---

[9] *See Instructure's Motion* at 4–5; *Doe Motion* at 3–4; *Instructure's Supplemental Motion* at 2–3.

[10] *See Hinds v. KKR & Co., Inc.*, 2:26-cv-00541-RJS, Dkt. 5, *Stipulation and Order Transferring Action to the District of Utah*.  The stipulation indicates, "Instructure is working to transfer and consolidate the Related Actions before a single district judge in that district."  *Id.*

[11] *See Hernandez v. Instructure, Inc.*, 2:26-cv-00527-CMR, Dkt. 1, *Complaint*.

[12] *See* DUCivR 42-1(c) ("The court may enter an order of consolidation on its own. An order entered is effective 14 days after service unless an objection is filed within that time.").

[13] Dkt. 38.

- *Hinds v. KKR & Co., Inc.*, 2:26-cv-00541-RJS, and *Hernandez v. Instructure, Inc.*, 2:26-cv-00527 are also consolidated into *Peterman v. Instructure, Inc.*, 2:26-cv-00374.

- The consolidated matter is re-captioned *In re Instructure Data Breach Litigation*, Case No. 2:26-cv-00374-RJS-CMR.  All subsequent docketing shall occur in this case.


SO ORDERED this 16th day of June, 2026.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

4